ALTENBERND, Judge.
Gulf American SBL, Inc., appeals a summary final judgment of foreclosure in favor of Manuel Garcia. The foreclosure on certain real property was granted to satisfy two promissory notes — one secured by a mortgage on the real property and the other by a security interest in related personal property. We reverse because Mr. Garcia has not established that the note secured by the security interest in personal property was also secured by the mortgage on this real property.
On October 23, 1984, Frank and Grace Morettini executed two promissory notes— the real property note secured by a mortgage and the personal property note, secured by a security agreement describing certain items of personal property. The Morettinis signed these documents when purchasing a restaurant or lounge. The *622 real and personal property of this business secured the two loans. Initially, the two promissory notes were given to two separate payees. Eventually, both notes were assigned to Mr. Garcia.
Subsequently, the Morettinis sold their interest in the real property to George W. and Vivian S. Porter. Our record is not entirely clear, but it appears that the related personal property was sold by the Mor-ettinis to Porvan, Inc., in connection with this sale. Mr. Garcia’s notes were not satisfied in connection with these sales.
Several years later, the Porters obtained a loan from Gulf American and gave Gulf American a second mortgage on the real property. Thereafter, the Porters defaulted on the Gulf American loan. Gulf American foreclosed on the second mortgage and purchased the real property at a foreclosure sale in 1991, subject to Mr. Garcia’s first mortgage. It is undisputed that Gulf American never obtained a security interest in the personal property of the business and does not own that personal property.
After purchasing the real property subject to Mr. Garcia's mortgage, Gulf American offered to pay him approximately $230,000 to satisfy the real property note. At that time, both the real and personal property notes were in default. Mr. Garcia maintained that the real property secured not only the real property note, but also the personal property note. Thus, he rejected Gulf American’s offer and filed this foreclosure action on both notes. The trial court agreed that Gulf American’s property secured both notes and ordered foreclosure to satisfy both obligations.
A review of the two promissory notes establishes that neither note contains a clause that makes the security for one note also act as security for the other. Instead of such a cross-collateralization clause, each note merely contains a prepayment .clause that permits an early satisfaction of one note by the maker only if both notes are paid in full.
The mortgage and the security agreement are complex documents because they wrap around earlier obligations. The mortgage contains a paragraph which recognizes the existence of the personal property note and provides that a default under the security agreement acts as a default under the mortgage. This clause entitles Mr. Garcia to foreclose on the real property to satisfy the real property note if the personal property note is in default. The mortgage on the real property does not, however, on its face secure the personal property note.
We do not rule out the possibility that Gulf American’s real property could be collateral for the Morettinis’ indebtedness on the personal property note because of some other circumstance not apparent from this record, but Mr. Garcia was not entitled to summary judgment at this stage in the proceedings.
Reversed and remanded.
DANAHY, A.C.J., and CAMPBELL, J., concur.